# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 24, 2015

148440

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

RYAN MICHAEL BYLSMA,
      Defendant-Appellant.

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

SC: 148440
COA: 317904
Kent CC: 10-011177-FH

_____/

By order of June 11, 2014, the application for leave to appeal the November 12, 2013 order of the Court of Appeals was held in abeyance pending the decision in *People v Hartwick* (Docket No. 148444) and *People v Tuttle* (Docket No. 148971). On order of the Court, the case having been decided on July 27, 2015, 498 Mich 192 (2015), the application is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration, as on leave granted, of whether the defendant, who possessed, cultivated, manufactured, or delivered marijuana to a patient or caregiver to whom he was not connected through the registration process of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, "may assert the medical purpose for using marihuana in a motion to dismiss, and the charges shall be dismissed following an evidentiary hearing where the person shows the elements listed in subsection (a)." MCL 333.26428(b). Cf., *State v McQueen,* 493 Mich 135, 156 ns 59 & 60 (2013). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

We further ORDER that this case be argued and submitted to the Court of Appeals together with the case of *People v Overholt* (Docket No. 149795), which we remanded to the Court of Appeals for consideration as on leave granted by order of the same date, at such future session of the Court of Appeals as both cases are ready for submission.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 24, 2015

p1116



                       Clerk